UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE ANTHONY ANTOINE, SPN #02263475, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4532 |
| HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Duane Anthony Antoine (SPN #02263475) has filed a civil rights complaint under 42 U.S.C. § 1983 [Doc. # 1], concerning criminal charges that are pending against him in state court. He includes with his complaint an application to proceed without prepayment of the filing fee [Doc. # 1, at 9-10]. Because Antoine is an inmate proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Antoine is currently in custody at the Harris County Jail (the "Jail") as a pretrial detainee [Doc # 1, at 3]. Antoine explains that he is currently facing criminal charges for assaulting a family member in two separate cases (Harris County Cause Nos. 1450870 and 1599865), which are pending against him in the 180th District Court for Harris County, Texas [*Id*. at 4, 11-12]. He has been detained at the Jail since his bond was revoked in March of 2018 [*Id.* at 5].

Antoine believes that the indictments, which were returned against him in 2018, are defective or invalid for several reasons. He argues primarily that the statute of limitations for his offenses, which reportedly occurred in 2014, expired in 2017 [*Id.* at 4]. Invoking 42 U.S.C. § 1983, Antoine seeks monetary damages from Harris County District Attorney Kim Ogg, Assistant District Attorney Katheline Flavins, and his former defense attorney, Lance Craig Hamm, in their individual capacities, for "unprofessional misconduct, malicious prosecution, and malpractice" [*Id.* at 4, 7]. He also seeks dismissal of the criminal charges against him [*Id.* at 7].

## II. DISCUSSION

Antoine names Harris County District Attorney Kim Ogg as the primary defendant, but he does not allege facts showing that she has had any personal involvement in his criminal prosecution. Without overt personal participation in

2

the complained of condition or action, liability on the part of a supervisory official is available under 42 U.S.C. § 1983 only if the supervisory official implements a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citations and internal quotation marks omitted); *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable [under § 1983] . . . if . . . he implements unconstitutional policies that causally result in the constitutional injury"). Because Antoine does not allege that his prosecution is the result of a deficient policy, he fails to state a claim upon which relief may be granted where Ogg is concerned.

Moreover, Antoine cannot recover damages from Ogg, Flavins, or any other prosecutor for actions taken in connection with prosecuting his case. Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). Because Antoine's claims pertain only to actions taken by prosecutors during the presentation of charges pending in his state court criminal proceedings, the claims against Ogg and Flavins must be

dismissed as barred by immunity.

To the extent that Antoine asks this Court to intervene in an ongoing criminal proceeding and dismiss the charges against him, his claims for injunctive relief are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Antoine does not allege facts showing that exceptional circumstances are present or that federal court intervention is otherwise warranted. As a result, his claims for injunctive relief must be dismissed.

Antoine's only remaining claims assert malpractice and ethical shortcomings by his former criminal defense counsel. To make a claim under 42 U.S.C. § 1983 a plaintiff must demonstrate that a constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable

to the State." *Id.* Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney contains no state action, such a complaint fails to state a claim upon which relief can be granted as a matter of law. *See Hudson*, 98 F.3d at 873; *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

For all of the foregoing reasons, Antoine has not articulated a viable claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. <u>CONCLUSION AND ORDER</u>

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Duane Anthony Antoine is **DISMISSED** with prejudice.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g). Antoine is warned that when a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

3. Antoine's application for leave to proceed *in forma pauperis* [Doc. # 1, at 9-10] is **GRANTED**.

5

4. Officials in charge of the Inmate Trust Fund at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the account of Duane Anthony Antoine (SPN #02263475) in periodic installments as required by 28 U.S.C. § 1915(b), when funds are available, and forward it to the Clerk of Court.

The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Tom Katz, 1200 Baker Street, Houston, Texas, 77002, fax: 713-755-4546; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on __December 7_____, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE